The Greenhills Home Owners Corp. et al.,
Appellants, *v.* City of Greenhills, Appellee.

[Cite as Greenhills Home Owners Corp. v. Greenhills
(1970), 24 Ohio App. 2d 109.]

(No. 11015—Decided January 12, 1970.)

*Messrs. Goodman & Goodman,* for appellants.
*Messrs. Beirne, Wirthlin & Manley,* for appellee.

Shannon, P. J. This is an appeal from an order of the
Court of Common Pleas sustaining a demurrer to an
amended petition and, upon failure to plead further, ren-
dering judgment for defendant therein.

Plaintiffs-appellants allege in their amended petition
that they are the owners of certain real estate in the City
of Greenhills, Ohio, consisting of some 109 acres of land
surrounding that city and known as The Greenbelt. Recit-
ed in the petition was a zoning ordinance which limited
their use of the real estate to certain uses which included;
"(c) allotment gardens, farm, nursery, gardens," and the
allegation that the Supreme Court of Ohio, in an action
between the same parties, had sustained the validity of
the zoning restriction. On January 1, 1968, the Ohio De-
partment of Natural Resources was requested by plain-
tiffs to determine what trees within The Greenbelt might
be cut and harvested during the year. On January 23,
1968, plaintiffs advised the city that they desired to har-
vest and sell certain trees. On February 13, 1968, the city
adopted an ordinance, a copy of which was attached to the

amended petition and by reference incorporated therein, which provided:

"WHEREAS, the owner of certain areas of land in the Greenbelt zone, as defined in the Greenhills Zoning Ordinance, has proposed the removal of a substantial number of trees in the Greenbelt; and

"WHEREAS, the proposed removal of the trees appears to be contrary to the provisions of Article VI of the Zoning Ordinance with respect to the purposes of the Greenbelt area; and

"WHEREAS, it may be desirable to eliminate certain trees (and other growth) in the Greenbelt area in order to preserve and promote its character as a public park and recreational area, subject to the control of the City of Greenhills; and

"WHEREAS, the preservation of the Greenbelt area is conducive to the public health and welfare.

"Now, THEREFORE, BE IT ORDAINED by the Council of the City of Greenhills, State of Ohio, that:

"*Section 1.* In all areas of the Greenbelt zone, as defined in the Zoning Ordinance of the City of Greenhills, no trees may be trimmed or cut down and removed; nor may any other natural forest growth be trimmed or removed unless application for a permit has been filed with and permit issued by the Service Director.

"*Section 2.* The application for such permit shall designate the area and state the purposes for which the permit is to be issued and give such additional information as may be reasonably required by the Service Director to carry out the objectives of this Ordinance.

"The Service Director shall issue such permit, unless it appears that the applicant proposes to remove trees which are necessary or desirable for the preservation of the character of the Greenbelt as a public park and recreation area. The permit shall designate the purpose or purposes for which it has been issued and designate the areas and trees and other natural growth the applicant is permitted to remove, which removal will tend to preserve and promote the development of the character of the Greenbelt as a public park and recreational area.

"*Section 3.* No permit shall be issued for the purpose of permitting the removal of trees for sale.

"*Section 4.* Permits required by Section 1 of this Ordinance shall be applied for on a form prescribed by the Service Director.

"*Section 5. Penalty Clause.* Whoever violates the provisions of this Ordinance shall be subject to a fine of *$100.00* for the first offense and *$500.00* for each offense thereafter. For the purpose of this section, each tree cut down shall be considered as a separate offense, and each act of removal of any other natural forest growth shall be considered as a separate offense.

"*Section 6.* This Ordinance is hereby declared to be an emergency measure and shall become effective immediately.

"The reason for said emergency is the immediate threat that private owners of certain areas of land in the Greenbelt zone are planning to remove trees for a profit motive to the detriment of the public peace, health and safety."

Plaintiffs made application for a permit which was denied, prompting the allegation that the ordinance effects a taking of property without compensation and without due process of law. Plaintiffs prayed, among other things, that the court find that defendant's action constituted a taking of property by condemnation and order a jury to be impanelled to determine the fair market value of the real estate.

The demurrer was interposed on the ground that the amended petition failed to state a cause of action. When the plaintiffs elected not to plead further, the demurrer was sustained and judgment was entered for the defendant.

We are convinced that the decision in *Greenhills Home Owners Corp.* v. *Greenhills,* 5 Ohio St. 2d 207, the action referred to in the amended petition, and its portents, control the disposition of the matter before us.

A distillation of the recollection of history set forth in the last mentioned opinion of the Supreme Court of Ohio will draw the problem involved here into sharper focus.

In the 1930's, the United States of America erected a

model town in the rural outskirts of Hamilton County. A central commercial area, single and multiple-family residences, churches, schools, parks, playgrounds and similar facilities, were all circumscribed by a corridor of varying width of grassland and woodland as a rampart against the intrusion of further urbanization from within as well as from without, which was called the "Greenbelt."

The town, Greenhills, was incorporated as an Ohio municipal corporation and after the second world war the government decided to sell it to an entity or group capable of operating it in accordance with the original plan. A number of citizens and tenants associated themselves together as a corporate body, the Greenhills Home Owners Corporation (one of the plaintiffs-appellants herein), for the purpose of qualifying as that purchaser, and it eventually acquired the town.

During the period of negotiation for the purchase, a comprehensive zoning ordinance was passed. It is important to note that the Greenhills Home Owners Corporation was always insistent that such ordinance be adopted.

After its adoption, the United States was persuaded to reduce the purchase price of Greenhills by $98,969, representing the appraised value of the 331 acres of Greenbelt at $299 an acre, because Greenbelt had been zoned and hence unavailable for development for residential use.

A number of years later, the Greenhills Home Owners Corporation sought building permits to develop the Greenbelt. When the City of Greenhills refused to issue such permits because of the zoning restrictions (Article VI of the Comprehensive Ordinance), suit was brought to test the constitutionality of the ordinance. The Court of Common Pleas of Hamilton County held the restrictions to be valid, but upon appeal this Court of Appeals reversed the judgment finding Article VI to be unconstitutional in that by excessive regulation it accomplished a taking of private property without just compensation.

The Supreme Court of Ohio reversed this court and entered final judgment in favor of the city of Greenhills and the other appellants. *Greenhills Home Owners Corp.* v. *Greenhills, supra.*

We have examined this opinion carefully and consider it to control our action now. At page 211 thereof, it was pointed out that:

"The critical facts were never in dispute. GHOC did actively promote, as hereinbefore indicated, a comprehensive zoning ordinance over the course of a year and a half. During all this time GHOC was the potential purchaser of substantially every square foot of land subject to that ordinance. GHOC did, in fact, purchase that land. And GHOC thereby became *the beneficiary of every good* (neither the greatest nor the least of which was a reduction in the purchase price) *and the endurer of every evil,* if any, flowing from that ordinance." (Emphasis ours.)

This was a crystallization of the trial court's conclusion:

"The essence of the Plaintiff's case is this: That it is the private owner of the Greenbelt and as such private owner its title thereto includes all the uses ordinarily inherent in private ownership, and that the restrictions unreasonably deprive the Plaintiff of these uses without compensation, even though it paid nothing for the property.

"But neither the Plaintiff nor any other private owner has ever had a title to the Greenbelt which includes these uses. The United States Government created the Village of Greenhills, including the Greenbelt, and was the public owner of it. Prior to the execution of the contract and the delivery of the deed, the United States Government, pursuant to, and in compliance with, the authority and purpose of Public Law 65, by means of the restrictions in Article VI of the Zoning Ordinance, transferred the control of the uses in question, *for the benefit of the public,* to the Village of Greenhills, another governmental agency. Thereafter, a specific amount determined as the value of the Greenbelt, upon the insistence of the Plaintiff, was deducted from the purchase price because the restrictions were intended to, and did, separate said uses from private ownership. Subsequently, the Quit Claim Deed conveyed the property subject to such restrictions, minus said uses as private property. Enforcement of the restrictions will not deprive the Plaintiff, without compensation, of any

uses of the Greenbelt to which it is entitled as private property." (Emphasis ours.)

The issues raised now are no different than those raised in the past. The end sought by appellants (who are according to the averments contained in the pleadings "corporations * * * engaged in the business of leasing and selling real estate and in the construction of homes, residences, and buildings") is the commercial development of the Greenbelt.

The germ of our decision is contained in the concluding paragraph of *Greenhills Home Owners Corp.* v. *Greenhills, supra*:

"As already shown, procuration and benefit are manifest in this record. Only injustice to the appellants can flow from a judgment in favor of the appellee who is, therefore, estopped from having it."

The Supreme Court points out in paragraph three of the syllabus of the case upon which we rely that the land involved here was "transferred substantially without consideration" by the government to the appellants. Inferentially, the Supreme Court stated that the right of the appellants to use their land was restricted permanently by the right of the public to use and enjoy the Greenbelt for the purposes mentioned in Article VI of the ordinance. By accepting a virtual gift from the sovereign, appellants became a trustee thereof for the benefit of the citizenry. Ergo, to permit them now to use the benefit they had procured for their own profit would work injustice to the appellees.

Prompted again by the directive of the Supreme Court to us that we observe "the enduring value of the rule restraining precipitous constitutional determinations" (*Greenhills Home Owners Corp* v. *Greenhills, supra,* at page 212 and cases there cited), we conclude that the Court of Common Pleas correctly determined the issues.

The judgment of the trial court sustaining the demurrer to the amended petition and entering judgment for defendant-appellee is affirmed.

*Judgment affirmed.*

HILDEBRANT and HESS, JJ., concur.